This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40585**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**MARIO R.,**

Respondent-Appellant,

and

**BRANDEE M.,**

Respondent,

**IN THE MATTER OF ELIAS B.,
ANTONIO B., and LOYALTY M.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Michael Aragon, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Carol Kirk Rodriguez
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Respondent (Father) appeals from the district court's judgment terminating his parental rights to Children. This Court issued a notice of proposed summary disposition, proposing to affirm. Father filed a memorandum in opposition (MIO) to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}**     Our notice proposed to affirm based on our suggestions that (1) Father has not demonstrated, and the record does not otherwise reflect, that the district court based the termination of Father's parental rights on issues that he could not address fully in jail or on probation; and (2) Father's remaining issues on appeal regarding the efforts of the Children, Youth and Families Department (CYFD) were undeveloped and did not appear to engage with the district court's apparent basis for termination, which was Father's ongoing noncompliance with his substance abuse treatment. [CN 6, 7] We proposed to conclude that, therefore, the district court did not err in terminating Father's parental rights. [CN 8]

**{3}**     In his MIO, Father consolidates his original six issues to continue to contend that (1) CYFD failed to provide him with reasonable efforts, and (2) insufficient evidence supported the termination of his parental rights. [MIO 5, 6] As to his first issue, Father now specifically contends that "given his longstanding substance abuse issues, the treatment plan should have required inpatient treatment for at least sixty (60) days, followed by intensive outpatient." [MIO 13] Father also maintains that, given his past trauma and PTSD, CYFD "failed to address scheduling his psychological evaluation in an expedited manner to allow him the full benefit of this report prior to the time he became incarcerated." [MIO 13] He also contends that CYFD did not provide him with adequate resources once he became incarcerated during the pendency of the case. [MIO 14]

**{4}**     We note that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. On appeal, "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *Id.* ¶ 28. Father cites no authority, and we are aware of none, indicating that CYFD's efforts in the present case, as explained in our calendar notice,

were unreasonable. [CN 6-7] Although it could be concerning if termination was based solely on Father's noncompliance while incarcerated and CYFD provided no efforts during that time, such is not the case here. Rather, we reiterate that the record indicates that the district court did not base the termination of Father's parental rights on issues that he was unable to address fully in jail or on probation. [CN 6] In addition, the district court appears to have given weight to Father's noncompliance with random drug screenings and failure to demonstrate progress on his substance abuse issues as required by his plan. [CN 6] *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 ("[W]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." (internal quotation marks and citation omitted)). We therefore conclude that Father has not demonstrated that the district court erred as to this issue. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}     In his second issue, Father largely repeats the same contentions by asserting that the evidence did not support the findings that CYFD provided Father with reasonable efforts and asserting that Father requires inpatient treatment and a psychological evaluation. [MIO 16-17] We note that Father's description of his efforts to comply with his treatment plan's requirements for drug testing, treatment, and therapy indicates that he did not begin to address any of these matters until later in the case, around the time of the renewed motion for termination of parental rights. [MIO 10] We conclude that Father has not demonstrated that CYFD failed to provide him with reasonable efforts. *See Patricia H.*, 2002-NMCA-061, ¶ 27; *see also State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 ("Even with a parent's reasonable efforts, . . . the parent may not be able to make the changes necessary to rectify the causes and conditions of the neglect and abuse so as to enable the court to conclude that the parent is able to properly care for the child.").

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Father's parental rights.

{7}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**